Myron **GOOD BIRD**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 84–1864.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1984.
Decided Jan. 16, 1985.

---

Myron Good Bird, pro se.

Rodney S. Webb, U.S. Atty., and Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Myron Good Bird appeals pro se from the district court's [1] order denying his motion to vacate and set aside his federal prison sentence pursuant to 28 U.S.C. § 2255. He alleges that the district court erred in failing to give him an opportunity to withdraw his guilty plea. We affirm.

At the change of plea hearing, Good Bird entered a plea of guilty to a charge of assault resulting in serious bodily injury. Before accepting the plea, the district court advised Good Bird of the maximum penalty. The court also advised him of his rights if he persisted in a plea of not guilty. After eliciting the details of the offense, the court accepted Good Bird's guilty plea. The Government then informed the court that the United States had agreed to recommend a split sentence of six months' imprisonment and three years' probation in return for Good Bird's cooperation and guilty plea. Defense counsel confirmed that the agreement had been made. The court explained to Good Bird that the Government was bound to make the agreed-upon recommendation, but that the court was not bound to accept the recommendation and there was no guarantee regarding the sentence which eventually would be imposed. Good Bird acknowledged that he understood.

In chambers before the sentencing hearing, without Good Bird's presence, the Government reiterated its sentencing recommendation. The district judge responded, "I don't think that his recommendation is necessarily the top of the line, although it's very likely to be the top of the line of the sentences that I consider." Defense counsel stated, "Well, Your Honor, myself and my client understood that going into this plea agreement with the Government." In open court, the Government made its recommendation, as agreed, and the court sentenced Good Bird to five years' imprisonment. No objection or request to withdraw the guilty plea was made, and no direct appeal was taken. Instead, counsel for Good Bird filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure which the Government did not oppose. The district court reduced Good Bird's term of imprisonment to four years.

Subsequently, Good Bird filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He alleged that the court had failed to give him an opportunity to withdraw his guilty plea when it did not

---

**1.** The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

honor the plea bargain, and had disallowed exculpatory witness testimony at the time of the Rule 35 motion.[2] Finding the claims meritless, the district court denied Good Bird's request for habeas corpus relief.

■ On appeal, Good Bird argues that Rule 11(e)(4) of the Federal Rules of Criminal Procedure required the district court to inform him that it had rejected the Government's recommendation and that he had the right to withdraw his plea of guilty.

Contrary to Good Bird's argument, we believe the record clearly shows that the plea agreement was of the type outlined in Rule 11(e)(1)(B); that is, it obligated the Government to "make a recommendation * * * for a particular sentence, with the understanding that such recommendation * * * shall not be binding upon the court * * *." When Good Bird entered his guilty plea and the Government made its promised recommendation, the agreement was discharged. See United States v. Missouri Valley Construction Co., 704 F.2d 1026, 1029 (8th Cir.1983); Fed.R.Crim.P. 11(e)(2) advisory committee note on 1979 amendment. Rule 11(e)(4) does not apply to type (B) agreements; therefore, the district court was not required to offer Good Bird an opportunity to withdraw his plea when it imposed a sentence other than that recommended. See id.

■ We note, however, that Rule 11 also provides that "[i]f the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea." Fed.R. Crim.P. 11(e)(2). The record shows that the court did not comply with this mandate. The question then becomes: Does a trial court's failure to comply with the procedural requirements for noticing a guilty plea render the guilty plea subject to collateral attack pursuant to a section 2255 motion? [3]

In considering this issue, we are guided by the Supreme Court's analysis in the context of another collateral attack, United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). In Timmreck, the Court held that a conviction based upon a guilty plea is not subject to collateral relief under section 2255 where there is merely a formal violation of Rule 11 and the defendant has not shown that the error resulted in basic unfairness or a miscarriage of justice. Id. at 783–85, 99 S.Ct. at 2087–88.

Similarly, in this case, Good Bird could have raised this violation on direct appeal but did not. See id. at 784, 99 S.Ct. at 2087. Furthermore, he has not shown a miscarriage of justice or any aggravating circumstances that merit collateral relief. The purpose of the 11(e)(2) notice requirement as it pertains to a type (B) plea agreement is to establish for the record that the defendant is aware that the agreement involves only a recommendation not binding upon the court. Fed.R.Crim.P. 11(e)(2) advisory committee note on 1979 amendment. We are satisfied by our review of the record that Good Bird was aware of the nonbinding nature of the agreement. Moreover, he did not attempt to withdraw his plea when the court imposed the sentence. We conclude that the district court's failure to comply with Rule 11(e)(2) does not entitle Good Bird to habeas corpus relief. Accord United States v. Otte, 729 F.2d 1207, 1208 (9th Cir.1984). We wish to emphasize, however, that our holding is a limited one and that district courts must

2. Good Bird does not pursue the second alleged error on this appeal.

3. In Missouri Valley Construction, supra, a direct appeal, we noted that a district court's failure to comply substantially with Rule 11 provisions requires that the guilty plea be set aside. 704 F.2d at 1029. The district court in that case, as here, failed to inform the defendant that he would have no right to withdraw his guilty plea if the court did not follow the sentence recommendation. We held that the district court's failure to give the mandated warning resulted in prejudice requiring the reversal of the conviction and an opportunity for the defendant to plead anew. Id. at 1030. Because this case is not a direct appeal, however, Missouri Valley Construction does not control our disposition.

comply with the notice requirements of Rule 11(e)(2).

Accordingly, we affirm the district court's judgment.