**UNITED STATES of America**

v.

**Oscar DE LE PUENTE, Appellant.**

**No. 84–1384.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 5, 1985.

Decided Feb. 20, 1985.

A. Charles Peruto, Burton A. Rose, Peruto, Ryan & Vitullo, Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Ronald K. Noble, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge.

Oscar de le Puente appeals from a sentence imposed following a guilty plea. He contends that he should be permitted to withdraw his guilty plea and plead anew, because the trial court, when it accepted the guilty plea, did not comply fully with Fed.R.Crim.P. 11(e). We affirm.

Mr. de le Puente was charged in an indictment with two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1982), and one count of conspiracy to distribute in viola-

tion of 21 U.S.C. § 846 (1982). Pursuant to plea negotiations he agreed to plead guilty to two counts of the indictment, while the government agreed that it would dismiss one count and would recommend to the court a sentence of incarceration not to exceed five years.

On May 14, 1984, de le Puente appeared before the trial court, which accepted his guilty plea to two counts. Before accepting that plea the court advised him, through an interpreter, as follows:

THE COURT: What I am telling you, Mr. de le Puente, is that the maximum sentence could be imposed. The minimum sentence that could be imposed would be a term of probation. So the sentence has to be, under the law, somewhere between the probationary term and the maximum term I mentioned.

Now, the United States Attorney has agreed to recommend to the Court that the sentence that should be imposed within this range, if it's a jail term, it should not exceed a total of five years.

What you have to understand now is that the Court, while it will listen to that recommendation and consider the Government's recommendation very important, the Court is not bound by that recommendation. That is, the Court could impose a sentence that would be less than that or more than that, within the range that I have outlined.

Do you understand that?

THE INTERPRETER: Yes.

THE COURT: So if you plead guilty, it will be on the basis that the Court will receive the recommendation of the Government and will hear from your attorney and will hear from you, and the Court will then impose a sentence in the range between probation and up to a maximum of 30 years in prison together with a fine of up to $50,000 or both.

Is there any question about that?

Do you have any questions, Mr. de [le] Puente about that?

THE INTERPRETER: No.

Fed.R.Crim.P. 11(e) governs plea agreement procedures. Rule 11(e)(1) authorizes discussions intended to reach an agreement that when the defendant enters a guilty plea the attorney for the government will:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case.

The parties agree that this plea agreement involved both an agreement to dismiss one charge, and an agreement to recommend a particular sentence.

Rule 11(e)(2) requires that if a plea agreement is reached by the parties, the court shall on the record require its disclosure in open court. That rule also provides:

If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.

The parties agree that the court adequately disclosed on the record in open court the terms of the plea agreement. But as the quoted colloquy makes plain, de le Puente was not advised that if the court did not accept the government's recommendation he nevertheless could not withdraw his plea. The court did not accept the recommendation, but sentenced de le Puente to 20 years in jail.

Prior to August 1, 1983, it was an open question in this circuit whether, on direct appeal, a harmless error standard would be applied with respect to technical failures to comply with the notice requirements of Rule 11. *See United States v. Carter*, 619 F.2d 293, 294 (3d Cir.1980). On that date Fed.R.Crim.P. 11(h) became effective. It provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The amended rule resolves the

open question. We must decide whether the omission of advice to de le Puente that if the court did not accept the government's recommendation he was nevertheless bound by his plea, may be regarded as harmless error.

The Rule 11 colloquy was adequate in all other respects. All the admonitions required by Rule 11(c) were delivered. The court made the inquiry into voluntariness required by Rule 4(d). The terms of the plea agreement were accurately set forth on the record. In these circumstances we believe that the omission of the statement required by Rule 11(e)(2) must be deemed harmless error unless there is some realistic likelihood that de le Puente labored under the misapprehension that his plea could be withdrawn. There is no such likelihood, in view of the extensive advice which he was given pursuant to Rule 11(c).

Mr. de le Puente pointed out that in *United States v. Iaquinta*, 719 F.2d 83, 85 (4th Cir.1983), the court did not make a harmless error analysis with respect to the same omission as in this case. The *Iaquinta* court did not refer to Rule 11(h), although this amendment was in effect at the time of the decision, probably because it was not in effect on the date of the Rule 11 proceeding in the district court.

The better practice unquestionably is to comply literally and completely with every requirement of Rule 11. Rule 11(h), however, requires a harmless error standard of review. We cannot hold that the omission relied upon was other than harmless. *Cf. United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

The judgment appealed from will, therefore, be affirmed.