UNITED STATES of America,
Plaintiff-Appellee,

v.

Walter Joseph THIBODEAUX,
Defendant-Appellant.

No. 86–2399.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1987.

Thomas S. Berg, Asst. Fed. Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant.

Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Circuit Judge,
GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

Walter Joseph Thibodeaux directly appeals his sentence—the result of a hearing that did not fully comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. We find that the noncompliance did not affect the appellant's substantial rights and therefore affirm.

The appellant was indicted on two counts of a six-count indictment involving the unlawful dispensing of drugs by a licensed physician. He agreed to plead guilty to one count and to cooperate as a witness in exchange for the government's promise to drop the other count and to recommend a five-year sentence to run concurrently with his state manslaughter sentence.[1] Both parties abided by the oral agreement: Thibodeaux pled guilty and cooperated fully and the government recommended a four-year sentence to be served concurrently with his state sentence. Despite the government's recommendation, the district judge sentenced the appellant to ten years imprisonment to be served consecutively to his state sentence.

The appellant argues that his sentence must be reversed because the district judge did not comply with Rule 11. His plea agreement contains a recommended sentence that falls under Rule 11(e)(1)(B). Rule 11(e)(2) states that in hearings involving these type B agreements, "the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no

---

1. A state court had sentenced Thibodeaux to 35 years in prison for manslaughter.

right to withdraw his plea." Although the district judge complied with all other commands of Rule 11, he did not voice this specific admonition. The following colloquy, however, did occur:

THE COURT: Now, I want you to also understand that even though the government may make a recommendation to me concerning any sentence that you might receive or punishment that you might receive because of your guilty plea in this first count of the indictment, that I do not have to accept that recommendation, that in this case I can assess up to 20 years in the penitentiary.

MR. BERG: Your Honor, I believe that's 15 years and $25,000, based on the offense.

THE COURT: 15 years?

MR. JOUBERT: Yes, Your Honor. It is a 15 years offense and $25,000 fine.

THE COURT: A maximum of 15 years in the penitentiary or a $25,000 fine, or both fine and imprisonment. Or, alternatively—

\* \* \* \* \* \*

Or, I can assess both the penitentiary term and the fine against you in these cases. And also, there would also be a special parole term—well, not with reference to count one but with reference to count six?

MR. JOUBERT: Yes, Your Honor.

THE COURT: So, do you understand that I do not have to accept—and, also, I could require you to serve any sentence that I impose in this case consecutive to the sentence you are currently serving in the Department of Corrections? Do you understand that?

MR. THIBODEAUX: Yes sir, I do.

THE COURT: All right. Understanding these matters that I have explained to you, are you satisfied with your arrangement?

MR. THIBODEAUX: Yes sir.

THE COURT: Are you asking that I proceed under it?

MR. THIBODEAUX: Yes sir.[2]

Record, vol. 2 at 19–21.

At the outset we reiterate that it is always best for a judge to adhere to the strict letter of Rule 11. We have, however, refused to exalt form over substance in Rule 11 hearings. *United States v. Dayton,* 604 F.2d 931 (5th Cir.1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). We also have ruled that an appellant cannot prevail with similar claims in a collateral attack. *United States v. Babineau,* 795 F.2d 518 (5th Cir. 1986). The addition of subsection (h) to Rule 11 (effective August 1, 1983) strengthens our view expressed in *Dayton:* "**Harmless Error.** Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

Thibodeaux does not contend that he was under the impression that he could withdraw his plea if the judge did not follow the government's recommendation. Nor does he allege that he would have withdrawn his plea had the district judge given the Rule 11(e)(2) warning. The Third Circuit recently held that "the omission of the statement required by Rule 11(e)(2) must be deemed harmless error unless there is some realistic likelihood that [the appellant] labored under the misapprehension that his plea could be withdrawn." *United States v. de la Puente,* 755 F.2d 313, 315 (3rd Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985). We agree with their statement of the law. The record discloses no attempt by Thibodeaux to show that he labored under such misapprehension, and we therefore conclude that the judge's noncompliance with Rule 11(e)(2) did not affect his substantial rights. We AFFIRM.

---

**2.** Had counsel for the United States noted the Rule 11(e)(2) omission at this point and called it to the court's attention, as he correctly and appropriately had done earlier in the matter of the maximum penalty, this appeal would have been avoided.