**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gert Albertus THERON,**
**Defendant–Appellant.**

**No. 87–1734.**

United States Court of Appeals,
Tenth Circuit.

June 21, 1988.

---

David J. Phillips, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), D. of Kan., Kansas City, Kan., for defendant-appellant.

Richard Hathaway, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., with him on the brief), Topeka, Kan., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and DUMBAULD,[*] District Judge.

SEYMOUR, Circuit Judge.

Gert Theron appeals the district court's denial of his pre-sentence motion to withdraw his guilty plea. For the following reasons, we reverse.

## I.

Theron was indicted along with eleven co-conspirators for mail fraud and conspir-

acy. While both sides were preparing their cases, Theron learned that a co-defendant had pled guilty. Theron alleges that he believed the plea agreement guaranteed his co-defendant probation. As a consequence, he sought and received a similar arrangement.[1] In fact, neither agreement guaranteed probation. The prosecution agreed only to advise the court that Theron and his co-defendant were appropriate candidates for probation. Under Fed.R.Crim.P. 11(e)(1)(B), this recommendation was not binding upon the court.

At Theron's plea hearing, the judge advised him that the court could disregard the Government's recommendation of probation and sentence him to a prison term up to the statutory maximum of five years. Rec., vol. 8, at 5, 7. In violation of the mandatory requirement of Rule 11(e)(2), however, the court failed to "advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2).

Prior to sentencing, Theron moved to withdraw his plea on several grounds. The relevant ground for our consideration here is his alleged lack of understanding at the time he entered his plea that he could be sentenced to a prison term.[2] The court

---

[*] Honorable Edward Dumbauld, Western District of Pennsylvania, sitting by designation.

1. Immediately after he entered the plea, Theron wrote a letter to his attorney stating the reasons he pled guilty and expressing his view of the plea agreement. The letter states in pertinent part:

"1) I think there is no doubt in anybody's mind that because of the following circumstances I was forced to plead guilty as stated.
A) No money to pay my attorneys.
B) In the case there had been a trial I had no money for air fare and accommodations in Kansas, etc.
C) Two unwilling attorneys (not that I blame anyone, on the contrary as a businessman I understand very well).
D) Your referenced letter of May 8—the P.S. paragraph where you refer to a stack of material approximately four feet in height—I have never seen this material and I have no copies of this material. Mr. Perlman [his attorney] also never saw fit to send me copies of his stack of material and motions filed for me.

2) *I also did the above-referenced deal with the government because you personally assured me that not once in your experience with the government in similar situations have they ever reneged on their promise of probation and/or that the court will go against the prosecutor's recommendation of probation.*
3) As you know, I signed the document entitled Advise of Rights knowing very well that everybody knew that I had no option because of the above-mentioned.
. . . .
5) As far as my cooperating with the government is concerned I have absolutely no problem with that because I still believe that I'm 100% innocent and therefore have nothing to hide."
*See* Rec., vol. 5, doc. 718, ex. 16 (emphasis added).

2. Theron alleged in addition that (1) he was not guilty of the charge to which he pled; (2) the factual basis for the plea was insufficient; and (3) the plea was not knowing and voluntary. Theron also joined his co-defendants' motions

denied Theron's motion and sentenced him to eighteen months imprisonment. Theron then brought this appeal.

## II.

In *United States v. Blackner*, 721 F.2d 703 (10th Cir.1983), we vacated the defendant's guilty plea in part because the trial court failed to advise him that he had no right to withdraw the plea if the court did not accept the prosecutor's sentence recommendation. *Accord United States v. Iaquinta*, 719 F.2d 83, 85 (4th Cir.1983). The court stated in *Iaquinta:*

"While the district court need not re-cite verbatim the advice required by Rule 11(e)(2), it must substantially inform the defendant of and determine that the defendant understands the admonition contained therein. *The district court here merely informed Iaquinta and Shine that it was not bound by any recommendations, and we decline to hold that such an instruction substantially informs a defendant that he or she has no right to withdraw his or her plea if the district court does not accept the sentencing recommendation. Furthermore, the district court never attempted to ascertain whether the defendants understood that they were without that right."*

719 F.2d at 85 (emphasis added). The Government concedes, as it must, that the district court violated Rule 11(e)(2), but contends that reversal is nonetheless inappropriate.

■ The Government first argues that Theron did not raise the Rule 11 claim before the district court. Theron disputes this contention by claiming that he raised the substance of the issue. He argued below that he misunderstood the nature and the extent of the plea agreement with respect to what sentence would be imposed, asserting that he believed he was guaranteed probation. Although neither he nor his counsel recognized the trial court's rule 11(e)(2) error, the harm alleged below was the type that the Rule was designed to alleviate. Theron also points out that his counsel was finally permitted to withdraw from the case, after almost a year of trying, just prior to the sentencing hearing. Appointed counsel had to prepare the motion to withdraw the plea in a short period of time. In addition, the Government attorney told the court at the sentencing hearing that "[t]he plea transcript has been reviewed by me and it's unequivocal that the Court properly instructed this gentleman as to the consequences of entering a plea under Rule 11." Rec., vol. IX, at 132. Under these circumstances, we decline to penalize Theron for failing to recognize that the court's error contributed to the misunderstanding that he clearly alleged. *See Blackner*, 721 F.2d at 705 (sufficient that facts about issue in question were developed below although specific claim on appeal not made; in any event, Rule 11 violation constitutes plain error). This case typifies the importance of full compliance with Rule 11. Had the court fulfilled its duties, the Government would have had a strong defense on the record with which to counter Theron's claimed confusion, and a subsequent effort to withdraw the plea would have been much less likely to be successful.

■ The Government's second argument is that the error was harmless under Rule 11(h), which provides: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." [3] The Government spec-

---

challenging the accuracy of the pre-sentence report and claiming that the inclusion of the Government's version of the facts, written by a United States Attorney, and the ranking of defendants by culpability, violated the Government's promise to make no recommendation whatsoever as to sentence. Theron renews each of these arguments on appeal. Because of our resolution of the case, we do not reach any of these contentions.

3. In *Blackner*, 721 F.2d 703, we held that the prosecution's and the defendant's joint failure to disclose a plea bargain to the court and the ensuing Rule 11(e)(2) violation was plain error under Fed.R.Crim.P. 52(b). The advisory committee notes make clear that Rule 11(h) was intended to permit harmless error findings when the Rule 11 violation was akin to a trial court error that would otherwise be considered harmless under Fed.R.Crim.P. 52(a). In *Blackner*, we did not discuss Rule 11(h), although it

ulates that Theron is a very sophisticated defendant who has adopted "vacillating positions" motivated by "the opportunity [he] perceived [to] take advantage ... at different stages of the case." Appellee's Responsive Brief at 7. The Government urges us to conclude that Theron's failure to specifically present his Rule 11 argument below indicates that the error did not affect his substantial rights. Essentially, the Government contends that if Theron were prejudiced by the trial court's Rule 11 error, he would have said so in his motion to withdraw his plea. In our view, while Theron and his counsel failed to recognize the trial judge's error, Theron may nevertheless have been affected by the oversight. Rather than speculating, we prefer to ground our decision in the record, which indicates a number of instances suggesting that Theron was confused about the nature of his plea.

The Government also argues that the Rule 11 violation should be deemed harmless because the court in effect told Theron that he could not withdraw his plea. The Government compares portions of the plea colloquy in this case with the colloquy in *United States v. Thibodeaux*, 811 F.2d 847 (5th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 3236, 97 L.Ed.2d 741 (1987). In each case, the district court failed to advise the defendant that he would not be permitted to withdraw his plea if the court did not agree with the Government's sentencing recommendation; however, each judge did

advise the defendant that the court was not bound by the recommendation. The Government argues that since the *Thibodeaux* court held the Rule 11(e)(2) error in that case harmless, we should find the error harmless here. But this case is distinguishable from *Thibodeaux*. There the defendant did "not contend that he was under the impression that he could withdraw his plea if the judge did not follow the government's recommendation. Nor [did] he allege that he would have withdrawn his plea had the district judge given the Rule 11(e)(2) warning." *Thibodeaux*, 811 F.2d at 848. Thus, the violation of Rule 11 was a mere technical error without any effect on substantial rights.[4]

The Government's attempt to portray the error in this case as similarly technical is unpersuasive. Theron argues that he believed he could withdraw his plea if he did not receive probation. The record shows that as soon as he realized he might not be so sentenced, he attempted to withdraw the plea. Rec., vol. X, at 12. In addition, Theron's form "Petition to Enter Plea of Guilty" reads:

"I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand the Court will give me the opportunity to withdraw my plea of guilty."

was enacted at the time, and although prior to its enactment courts had already applied a Rule 52(a) harmless error analysis to Rule 11 violations. *See, e.g., United States v. Coronado*, 554 F.2d 166 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). *Blackner* obviously does not foreclose the possibility that a technical violation of Rule 11(e)(2) could be found harmless under Rule 11(h) in the appropriate circumstances.

4. The other direct appeals cited by the Government in support of its harmless error argument are similarly distinguishable from the instant case. *See United States v. de le Puente*, 755 F.2d 313, 315 (3d Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985) (no realistic likelihood defendant thought he could withdraw his plea); *United States v. Otte*, 729 F.2d 1207, 1208 (9th Cir.1984) (no allegation defendant mistaken as to right to withdraw plea). The

cases cited by the Government that involve facts arguably similar to those in this case, *United States v. Babineau*, 795 F.2d 518 (5th Cir.1986); *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986); *Good Bird v. United States*, 752 F.2d 349 (8th Cir.1985), arose on collateral review under 28 U.S.C. § 2255. Collateral attacks on guilty pleas based upon formal Rule 11 violations are judged under somewhat different standards. *United States v. Timmreck*, 441 U.S. 780, 783–85, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979); *Lilly*, 792 F.2d at 1545 & n. 7; *Good Bird*, 752 F.2d at 351 & n. 3; *see Evers v. United States*, 579 F.2d 71, 73 (10th Cir.1978) (technical violation of Rule 11 held harmless on collateral review), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 478 (1979). Furthermore, the defendants in *Babineau*, *Lilly*, and *Good Bird* did not try to withdraw their guilty pleas.

 

Rec., vol. 1, doc. 508, at 4.[5] This statement is obviously confusing. The Government says it means that if the court rejected the entire plea agreement, the defendant would be given the opportunity to withdraw his plea of guilty. Theron says he believed it meant that if the court accepted the plea but disregarded the recommended sentence, he could withdraw the plea. Theron, a South African citizen, was not familiar with American criminal procedure, and his counsel was in the process of unsuccessfully attempting to withdraw from the case.[6] Theron also points to both his counsel's and his own statements to the court that he thought (or may have thought) that he was guaranteed probation "because of the language barrier and the difference in customs." Rec., vol. IX, at 131; *see* Rec., vol. IX, at 123–31. Perhaps most importantly, Theron points out that he sought to withdraw his plea prior to sentencing. The timing of his motion, he argues, supports his position that he was confused by the nature of the plea agreement rather than merely disappointed by the outcome of his sentencing.

The advisory committee note on the harmless error addition to Rule 11 states: "Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited...." Fed.R. Crim.P. 11 Advisory Committee Note (1983 Amendment). In light of the record before us, we conclude that this is not one of those limited situations. There is a reasonable possibility that Theron was confused in a way that compliance with Rule 11 could have remedied. *Cf. United States v. de le Puente,* 755 F.2d 313, 315 (3d Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985) (Rule 11(e)(2) violation held harmless where "there [was no] realistic likelihood that [defendant] labored under the misapprehension that his plea could be withdrawn"). The district court's advice

to Theron that it was not bound by the Government's recommendation is insufficient to render the error harmless. The proposition that the court is not bound by the Government's recommendations is distinct from the proposition that the defendant is bound if the court chooses not to follow the recommendation. Informing the defendant of the former does not relieve the court of its responsibility to inform him of the latter. *Blackner,* 721 F.2d at 709; *Iaquinta,* 719 F.2d at 85.

The district court violated Rule 11, and on the record before us the error was not harmless. We therefore vacate Theron's conviction and sentence, reverse the denial of his motion to withdraw his plea, and remand for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

5. Theron's attorney also prepared an advice of rights form which was given to the prosecution and attached to the plea agreement. The certificate of counsel attached to this form states: "I have informed the Defendant that the Court is not bound by the terms of this Agreement, and that if the Court rejects the Agreement, the

Court will give the Defendant the opportunity to withdraw his plea of 'guilty.'" Rec., vol. 1, doc. 509, attachment 1 at 13.

6. Theron's attorneys complained of conflicts of interest and Theron's inability to compensate them. Rec., vol. VII, at 3, 5, 12, 15–16.