**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor Kirk VAUGHN, aka Victor
Derwood Vaughn, Defendant–
Appellant.**

**No. 93–8004.**

United States Court of Appeals,
Tenth Circuit.

Nov. 2, 1993.

**1534**

Aleksander D. Radich (Richard A. Stacy, U.S. Atty., Lou Piccioni with him on the briefs), Asst. U.S. Atty., Cheyenne, WY, for plaintiff-appellee.

Karen Ashcraft Byrne, Cheyenne, WY, for defendant-appellant.

Before MOORE and BARRETT, Circuit Judges, and GOODWIN *, Circuit Judge.

BARRETT, Senior Circuit Judge.

Victor Kirk Vaughn appeals from the district court's entry of judgment and twenty-seven month sentence following a guilty plea to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) obtained pursuant to a plea agreement.

### Facts

On September 19, 1991, Vaughn was arrested by the Rock Springs Police Department in Rock Springs, Wyoming. Based on the circumstances surrounding this arrest, on January 31, 1992, a federal grand jury indictment was handed down charging Vaughn with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Vaughn was arraigned on April 22, 1992 and entered a not guilty plea. Subsequently, the parties entered into a plea agreement and on June 15, 1992, Vaughn changed his plea to guilty.

At the change of plea hearing, the court informed Vaughn that he was charged with felon in possession of a firearm, punishable by ten years in prison. (R., Vol. III at 5.) The Government, in Vaughn's presence and without objection, presented the plea agreement to the judge and stated, "... the parties understand that the Court is not bound by this agreement and may impose whatever sentence is appropriate under the federal sentencing guidelines." *Id.* at 3–4. Vaughn agreed to plead guilty to the charge contained against him in the indictment and agreed to give the court "a complete and truthful factual basis for entry of a guilty plea." (R., Vol. I, Tab 24 at 1.) The Government agreed to recommend that the court grant a reduction of two offense levels to reflect Vaughn's acceptance of responsibility if Vaughn fully accepted responsibility for his actions. *Id.* at 1–2. Although the Government estimated an offense level of 12 under the federal sentencing guidelines, the plea agreement stated that the parties did not agree as to a specific offense level or criminal history category because these could not be determined until a presentence investigation was completed. *Id.* at 2–3. At the change of plea hearing, the court failed to advise Vaughn under Fed.R.Crim.P. 11(e)(2), "... if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea."

A presentence investigation report prepared in July, 1992, recommended an offense level of 12 and a criminal history category of IV based on Vaughn's prior convictions. The report also recommended that Vaughn not be given a two-level reduction for acceptance of responsibility. When questioned for the report, Vaughn admitted that he had purchased the firearm, that he possessed it on the date of arrest as charged in the indictment, and that he had been previously convicted of a felony, second degree arson. However, Vaughn could not recall placing the firearm in the van. He denied owning the blue nylon backpack containing the firearm and considered the felon in possession charge to be the result of a conspiracy against him. Vaughn

---

\* The Honorable Alfred T. Goodwin, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

also claimed that he was unaware and had never been advised that his previous felony conviction prohibited him from future possession of a firearm, even though in 1981 he signed a statement to the contrary before an Oregon state corrections officer.

At Vaughn's request, on October 28, Vaughn's attorney withdrew his representation. At the attorney withdrawal hearing, Vaughn testified, "[My attorney] related to me that the penalties I faced would be far less stringent in regards to my plea agreement than I was later led to believe after the PSI had returned." (R., Supp. Vol. I at 7.) Later in the proceeding, the court asked Vaughn, "Now at this point, Mr. Vaughn, do you desire to withdraw your guilty plea?" *Id.* at 8. Vaughn answered, "At this time I wish to reserve that right until such time that I could possibly obtain other counsel." *Id.* Replied the court, "I see. All right." *Id.* A replacement attorney was appointed on December 2, 1992.

At the sentencing hearing on December 29, 1992, the Government recommended a two-level reduction for acceptance of responsibility as set forth in the plea agreement. Vaughn was allowed to present new objections to the presentence report, in particular, the acceptance of responsibility section. The court found his objections to be groundless, denied the two offense level reduction for acceptance of responsibility, and sentenced Vaughn to twenty-seven months in Leavenworth Prison.

Following sentencing, Vaughn testified, "Your Honor, it's been ... my understanding from the very beginning ... that at any time between the plea agreement, which I entered, and sentencing, that I had the right to withdraw ... my plea." (R., Vol. IV at 13.) To which the court replied, "I'm not letting you withdraw your plea...." *Id.* Vaughn did not file a motion to withdraw his guilty plea at any time before, during, or after sentencing.

### Issues on Appeal

On appeal, Vaughn contends that (1) the district court's noncompliance with Fed. R.Crim.P. 11(e)(2) affected his substantial rights and was not harmless error, and (2)

the district court's failure to grant a two offense level reduction for acceptance of responsibility, resulting in a sentence of twenty-seven months, was clearly erroneous.

### I.

Vaughn contends that the district court's noncompliance with Fed.R.Crim.P. 11(e)(2) affected his substantial rights and was not harmless error. Because it is undisputed that the district court failed at the change of plea hearing to "advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea" under Fed.R.Crim.P. 11(e)(2), the issue for this court to determine is whether such failure was harmless error.

Fed.R.Crim.P. 11(h), "Harmless Error," provides, "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The issue of whether a district court has substantially complied with rule 11, including an analysis under subsection 11(h), before accepting a guilty plea, is a question of law subject to review de novo. *See, United States v. Elias,* 937 F.2d 1514, 1517 (10th Cir.1991). *United States v. Gomez–Cuevas,* 917 F.2d 1521, 1524 (10th Cir.1990); *United States v. Rhodes,* 913 F.2d 839, 843 (10th Cir.1990), *cert. denied,* 498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991). In addressing the harmless error rule of subsection 11(h), the district court's error warrants reversal only if it had a significant influence on appellant's decision to plead guilty. *United States v. Barry,* 895 F.2d 702, 704 (10th Cir.1990), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990). *See also,* Fed.R.Crim.P. 11 advisory committee note (1983 Amendment). Based on the facts of this case, we are convinced that Vaughn's substantial rights were not detrimentally affected and that the district court's error had no significant influence on Vaughn's decision to plead guilty.

In *United States v. Theron,* 849 F.2d 477 (10th Cir.1988), the district court similarly failed to advise the defendant under Rule 11(e)(2). We vacated the defendant's convic-

tion and sentence, holding that the error was not harmless. *Id.* at 481. In that case, the defendant had also been appointed a replacement attorney just prior to sentencing. However, in *Theron* it was significant that the defendant was a South African citizen, unaccustomed to American criminal procedure, trying to overcome a language barrier. *Id.* The defendant's unfamiliarity with the language and custom created an understandable confusion about the contents of the plea agreement. At the time of entering his plea, he did not understand that he could be sentenced differently from that contained in the plea agreement. *Id.* at 478. Moreover, in that case, as soon as the defendant realized that he might not receive the recommended sentence under the plea agreement, his newly-appointed counsel filed a motion to withdraw the plea. *Id.* at 480.

Reviewing the record before us, we are convinced that Vaughn understood the contents of the plea agreement. He knew that the court was not bound by anything contained in the agreement. (R., Vol. III at 3–4.) The plea agreement was clear. It neither guaranteed nor even mentioned a specific length of sentence. Vaughn received, in exchange for his guilty plea, merely an understanding that the Government would recommend a two-level reduction from the base offense level, if Vaughn fully accepted responsibility for his actions. Vaughn had no guarantees even as to the applicable base offense level or criminal history category because neither could be reasonably calculated until after the presentence investigation. As a result, at the time Vaughn entered his guilty plea, he could not know his eventual sentence or even the applicable sentencing range. Regarding his sentence, all Vaughn could know with certainty was that the maximum sentence under the statute was ten years. *Id.* at 5.

Vaughn does not allege that he would not have entered a guilty plea if the court had given the proper warning, which is relevant and important to a harmless error analysis. *See Theron,* 849 F.2d at 480 (citing *United States v. Thibodeaux,* 811 F.2d 847, 848 (5th Cir.1987), *cert. denied,* 483 U.S. 1008, 107 S.Ct. 3236, 97 L.Ed.2d 741 (1987)). Rather,

he argues that he believed that he could withdraw his guilty plea at any time prior to sentencing if the court did not accept the Government's recommendation. We cannot speculate or go beyond the record before us. Because Vaughn did not move to withdraw his plea at any time, even though the district court indicated it might have allowed a withdrawal after the appointment of replacement counsel, he fails to show that he would not have pled guilty if he had received the proper rule 11 warning. *See United States v. Wright,* 930 F.2d 808, 810 (10th Cir.1991) (district court's error was harmless under subsection 11(h) where the defendant failed to show the omission would have changed his decision to plead guilty).

■ We do not intend to minimize the safeguards of rule 11. As the rule 11 advisory committee note (1983 Amendment) clearly provides, "subdivision (h) should *not* be read as an invitation to trial judges to take a more casual approach to Rule 11 proceedings. . . . thoughtful and careful compliance with Rule 11 best serves the fair and efficient administration of criminal justice. . . ." (emphasis in original). However, a technical violation of rule 11 which has no effect on a defendant's decision to plead guilty cannot be used to reverse a conviction and sentence simply because the defendant is displeased with the ultimate sentence.

### II.

■ Vaughn contends that his twenty-seven month sentence is clearly erroneous because the district court denied the two offence level reduction for acceptance of responsibility after the Government had recommended such departure and after Vaughn had admitted to possessing the firearm.

We review the district court's decision to deny the two offense level reduction for acceptance of responsibility as a question of fact under the clearly erroneous standard. 18 U.S.C. § 3742(e); *United States v. Amos,* 984 F.2d 1067, 1071 (10th Cir.1993). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." United States Sen-

tencing Commission Guidelines Manual (U.S.S.G.) § 3E1.1 application note 5. *See also, Amos,* 984 F.2d at 1073; *United States v. Whitehead,* 912 F.2d 448, 451 (10th Cir. 1990).

Under U.S.S.G. § 3E1.1(a), "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Application note 3 of U.S.S.G. § 3E1.1 provides, "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Moreover, entry of a guilty plea and truthfully admitting the conduct comprising the offense of conviction may be outweighed by conduct of the defendant that is inconsistent with an acceptance of responsibility. *Id.*

When interviewed for the presentence report, Vaughn admitted, consistent with an acceptance of responsibility, the conduct comprising the offense of conviction. He admitted that he had purchased a firearm, that he possessed it on the night of his arrest, and that he had been convicted of a prior felony. However, inconsistent with an acceptance of responsibility, Vaughn denied either knowing or being informed that he was prohibited from possessing a firearm. Moreover, Vaughn could not recall placing the firearm in his van, denied owning the backpack containing the gun, and considered the firearm offense to be a part of a conspiracy against him.

The district court found, notwithstanding the Government's recommendation, that Vaughn had not clearly admitted responsibility for his criminal conduct because his responses for the presentence report were equivocal. Under Fed.R.Crim.P. 11(e), the district court was not bound by the Government's recommendation and its decision to accept the presentence report denying the two-level reduction for acceptance of responsibility was not clearly erroneous.

**AFFIRMED.**