16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Jay HERMAN, Defendant-Appellant.
 No. 93-4074.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Herman entered a guilty plea to the charge of being a felon in possession of a firearm and was sentenced to forty months imprisonment. Mr. Herman appeals his sentence asserting he was wrongfully denied a two-level decrease in the computation of his base offense level for acceptance of responsibility. We affirm.
 
 
 3
 The controversy at sentencing revolved, in part, around the fact of whether Mr. Herman knew the gun he possessed was stolen. The presentence report reflected it was. Mr. Herman argued his version of the facts was more reliable than that of the two individuals who furnished the information contained in the presentence report.
 
 
 4
 The sentencing court found Mr. Herman failed to accept responsibility "in the sense the guidelines contemplate." The court found Mr. Herman had a story for everything and nothing was his fault. The sentencing court further found Mr. Herman hedged and lied and this conduct did not evidence an acceptance of responsibility.
 
 
 5
 Mr. Herman appeals asserting he admitted he was a felon in possession of a firearm and therefore accepted responsibility. Mr. Herman argues the other matters related by the sentencing court are collateral and are not relevant in determining whether or not he accepted responsibility for his conduct. In short, Mr. Herman argues the sentencing court can look only to the actual charged offense to determine acceptance of responsibility. Mr. Herman is wrong.
 
 
 6
 The sentencing court's determination of acceptance of responsibility is a factual determination we review under a clearly erroneous standard. United States v. Hoenscheidt, 7 F.3d 1528, 1531 (10th Cir.1993).
 
 
 7
 United States v. Vaughn, 7 F.3d 1533 (10th Cir.1993), is dispositive. There we held that an "entry of a guilty plea and truthfully admitting the conduct compromising the offense of conviction may be outweighed by conduct of the defendant that is inconsistent with an acceptance of responsibility." Id. at 1537. In the case before us, Mr. Herman continued to make false denial of his relevant conduct. Whether or not Mr. Herman knew the pistol was stolen at the time he possessed it is relevant conduct. Further, as found by the sentencing court, it remains clear that Mr. Herman's conduct in lying about the details of the offense is inconsistent with an acceptance of responsibility.
 
 
 8
 The judgment and sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470