United States Court of Appeals
For the First Circuit



No. 96-1420

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

RAFA L NORIEGA-MILL N, A/K/A RAFI,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. H ctor M. Laffitte, U.S. District Judge] 



Before

Boudin, Circuit Judge, 

Campbell and Bownes, Senior Circuit Judges. 



Juan David Vilar -Col n on brief for appellant. 
Jeannette Mercado-R os, Attorney, with whom Guillermo Gil, United 
States Attorney, Jos A. Quiles-Espinosa, Senior Litigation Counsel, 
and Antonio R. Baz n, Assistant United States Attorney, were on brief 
for appellee.



April 7, 1997


BOWNES, Senior Circuit Judge. Defendant-appellant BOWNES, Senior Circuit Judge. 

Rafael Noriega-Millan petitioned the district court to change

his plea from not guilty to guilty as to all eleven counts of

a superseding indictment charging him with violating a number

of federal firearms laws. Count nine, charging Noriega-

Millan with possession of a machine gun in violation of 18

U.S.C. 922(o), carried a ten-year maximum term of

imprisonment. For each of the remaining counts, the maximum

term of imprisonment was five years. The district court

accepted Noriega-Millan's plea at a joint change-of-plea

hearing at which Noriega-Millan and two of his co-defendants,

each represented by counsel, pleaded guilty. 

Noriega-Millan entered his guilty plea pursuant to

an agreement which stipulated that the government would,

among other things, reduce the total offense level from 31 to

28, and recommend a sentence of 97 months of imprisonment, a

sentence in the middle of the applicable range of 87-108

months of imprisonment. At the sentencing hearing, the

district court declined to accept the government's

recommendation of a 97-month term and imposed the maximum

sentence of 108 months, to be served concurrently as to all

counts of the indictment.

On appeal, Noriega-Millan argues that his guilty

plea should be set aside because, although the district judge

complied with Rule 11(e)(2) of the Federal Rules of Criminal

-2- 2

Procedure by warning him that the court was not bound by the

government's recommendations, the judge failed, in derogation

of Rule 11(e)(2) and Noriega-Millan's substantial rights, to

advise him that he would not be permitted to withdraw his

plea if the court declined to accept the government's

recommendations. We affirm the judgment of conviction and

the sentence. 

I.  I.

The only issue on appeal concerns the procedure by

which Noriega-Millan's plea of guilty was entered and

accepted, as to which the record reveals the following. 

Noriega-Millan's plea agreement states that the

agreement was made pursuant to Rules 11 (e)(1)(A) and (B) of

the Federal Rules of Criminal Procedure.1 The agreement

provided that Noriega-Millan would plead guilty to all counts

of the indictment in exchange for the government's agreement

to do the following: (i) reduce the total offense level by

three levels from 31 to 28 for acceptance of responsibility;

(ii) recommend a sentence of 97 months of imprisonment, based

upon an estimated total offense level of 28 and criminal

history category of II, for which the sentencing range is 87-

108 months of imprisonment; and (iii) raise no opposition to

 

1. Plea agreements made under Rules 11(e)(1)(A) and (C) are
subject to different procedural requirements than are
agreements made under Rule 11(e)(1)(B). The Rule 11(e)(1)(A)
portion of Noriega-Millan's agreement is not at issue in this
appeal and will not be discussed.

-3- 3

a recommendation of a sentence at the lower end of the

applicable range, if such a recommendation were to be made by

the United States Probation Office in its Presentence Report.

Prior to the change-of-plea hearing, Noriega-Millan

reviewed the plea agreement with his attorney, at which time

he initialed each page of the document at the center of the

left margin, and signed his name in two places at the end of

the document.2 Paragraph six of the agreement states as

follows:

The defendant is aware that the
defendant's sentence is within the sound
discretion of the sentencing judge and
will be imposed in accordance with the
United States Sentencing Guidelines, 
Policy Statements, Application, and 
Background Notes. The defendant is aware 
that the Court has jurisdiction and
authority to impose any sentence within
the statutory maximum set for the offense
to which the defendant pleads guilty. If
the Court should impose a sentence up to
the maximum established by statute, the
defendant cannot, for that reason alone,
withdraw a guilty plea, and will remain
bound to fulfill all of the obligations
under this plea agreement. 

Paragraph ten of the agreement states, "Defendant

Rafael Noriega Millan is fully aware that the Court is not

bound by this plea agreement, including but not limited to:

 

2. The plea agreement contained in the record on appeal is
in English; the transcript of the change-of-plea hearing,
however, indicates that Noriega-Millan had read and
understood a Spanish version of the agreement. 

-4- 4

sentencing guidelines calculations, stipulations, and/or

sentence recommendations."

In contrast to plea agreements made pursuant to

Rules 11(e)(1)(A) and (C), Rule 11(e)(1)(B) agreements cannot

be withdrawn if the court chooses to reject the terms of the

agreement; once accepted by the district court, a Rule

11(e)(1)(B) agreement "foreclose[s] forever the defendant's

other options." United States v. Graibe, 946 F.2d 1428, 1432 

(9th Cir. 1991). For this reason, when a defendant pleads

guilty pursuant to a Rule 11(e)(1)(B) agreement, the district

judge is required by Rule 11(e)(2) to advise the defendant

that the court is not obligated to accept the government's

recommendations and that the defendant will not be permitted

to withdraw her guilty plea in the event that the court does

not follow the government's recommendations. 

The Supreme Court has stressed the importance in

Rule 11 proceedings of direct interrogation of the defendant

by the district court in order to facilitate the

determination of the voluntariness of a defendant's guilty

plea. McCarthy v. United States, 394 U.S. 459, 467 (1969). 

In addition, this court has repeatedly stated that the

defendant's acknowledgement of a signed plea agreement or

other written document will not substitute for Rule 11's

requirement of personal examination by the district court.

See United States v. Martinez-Martinez, 69 F.3d 1215, 1220 

-5- 5

(1st Cir. 1995), cert. denied, --- U.S. ---, 116 S. Ct. 1343 

(1996); United States v. Lopez-Pineda, 55 F.3d 693, 696 (1st 

Cir.), cert. denied, --- U.S. ---, 116 S. Ct. 259 (1995); see 

also United States v. Kennell, 15 F.3d 134, 136, 137 (9th 

Cir. 1994). 

A joint change-of-plea hearing was held on July 31,

1995, with Noriega-Millan and two co-defendants present, each

represented by counsel. Although the judge sometimes

addressed himself to all three defendants collectively, he

engaged in individual colloquies with Noriega-Millan and each

co-defendant regarding the following: his competence to plead

guilty; the voluntariness of his plea; his knowledge and

understanding of the charges against him and the penalties

attending the charges; and whether he had consulted his

attorney regarding the charges and the plea agreement. The

judge addressed the defendants collectively regarding their

awareness and understanding of the constitutional rights they

waived by entering a plea of guilty. Throughout the hearing,

the court addressed the defendants through an interpreter,

although Noriega-Millan sometimes answered the court's

questions in English.

In response to the court's questioning during his

individual colloquy, Noriega-Millan acknowledged, inter alia, 

that he had reviewed the plea agreement with the assistance

of counsel prior to the hearing, and that his attorney had

-6- 6

explained the agreement to him before he signed it; that he

had read the plea agreement and understood everything in it;

that he was aware that his criminal history category was II

and that the total offense level was 28, based upon the

government's recommendation of a three-level reduction from

offense level 31 for acceptance of responsibility; that he

understood that the sentencing range specified in the plea

agreement was 87-108 months of imprisonment; that, pursuant

to the plea agreement, the government would recommend a

sentence of 97 months of imprisonment; and that he understood

that the government's recommendations were not binding upon

the court. 

The district judge gave the Rule 11(e)(2) warnings

to each defendant separately, rather than to all the

defendants collectively. During his individual colloquies

with Noriega-Millan's co-defendants, the district judge

warned each defendant both that the court was not obligated

to accept the government's recommendations and that the

defendant would not be permitted to withdraw his plea if the

court did not follow the government's recommendations.

During his individual colloquy with Noriega-Millan, however,

the district judge advised him only that the court was not

bound to follow the government's recommendations; he did not

warn Noriega-Millan that he would not be permitted to

withdraw his plea in the event that the government's

-7- 7

recommendations were not followed. On November 2, 1995, a

sentencing hearing was held at which Noriega-Millan appeared

as the sole defendant, again represented by counsel. At the

sentencing hearing, as at the change-of-plea hearing, the

district judge warned that the government's recommendations

were not binding upon the court but did not advise Noriega-

Millan that he would not be allowed to withdraw his plea if

the court were to reject the government's recommendations. 

After permitting Noriega-Millan to address the

court regarding his family ties and his desire to

rehabilitate himself, the district court accepted the

government's recommendation regarding concurrent service of

sentence but rejected its recommendation of a 97-month term

of imprisonment, instead sentencing Noriega-Millan to the

maximum term of 108 months, to be served concurrently with

the sentences imposed on other counts. Noriega-Millan raised

no objection to the sentence and made no attempt to withdraw

his plea in the district court. This appeal followed.

II.  II.

Federal Rule of Criminal Procedure 11(e)(1)(B),

which governs Noriega-Millan's plea agreement, provides a

procedure by which a defendant may agree to plead guilty in

exchange for the government's agreement to "make a

recommendation, or agree[ment] not to oppose the defendant's

request, for a particular sentence, with the understanding

-8- 8

that such recommendation or request shall not be binding upon

the court." Rule 11(e)(2) provides that, before the district

court may accept a guilty plea entered pursuant to a Rule

11(e)(1)(B) agreement, "the court shall advise the defendant

that if the court does not accept the recommendation or

request the defendant nevertheless has no right to withdraw

the plea."

Noriega-Millan asserts that he did not move to

withdraw his plea prior to sentencing because he had hoped

that the district court would follow the government's

recommendation of a 97-month sentence, and that he would not

have pleaded guilty had he known that he would not be allowed

to withdraw his plea if the district court did not follow the

government's recommendation. He contends that the district

court's failure to give this required warning was not

harmless error because, as a result of the court's error, he

did not understand the consequences of his guilty plea and,

therefore, his plea was not knowingly and voluntarily

entered. Noriega-Millan raises these arguments for the first

time on appeal. 

Ordinarily, we deem an issue not raised before the

district court to be waived. We will, however, determine

compliance with Rule 11, even if a claim of non-compliance

was not presented in the district court, if the record is

sufficiently developed, which is generally the case because

-9- 9

of Rule 11(g)'s requirement that the district court make a

complete record of the plea proceedings. See Martinez- 

Martinez, 69 F.3d at 1219 & n.4; United States v. Parra- 

Ibanez, 936 F.2d 588, 593 (1st Cir. 1991).3  

Where, as here, the defendant seeks to withdraw his

plea after he has been sentenced, based upon a defect in the

Rule 11 proceedings that is alleged to have affected his

knowledge of the consequences of his plea, appellate review

is entirely consistent with Federal Rules of Criminal

Procedure 11 and 32(e). First, the harm alleged by Noriega-

Millan is clearly of the type that Rule 11(e)(2) was designed

to alleviate. See United States v. Theron, 849 F.2d 477, 479 

(10th Cir. 1988); see also United States v. Padin-Torres, 988 

F.2d 280, 283 (1st Cir. 1993) (explaining that "Rule 11

objections, so far as they affect the 'knowing' character of

the plea, are treated with extra solicitude"); Graibe, 946 

F.2d at 1432 (explaining that Rule 11(e)(2) was designed to

ensure the "informed voluntariness" of guilty pleas).

Moreover, Rule 32(e) -- which provides that the district

court may permit a defendant to withdraw his guilty plea for

"any fair and just reason" before sentence is imposed, but 

 

3. If the determination of compliance with Rule 11 requires
additional fact finding, "a defendant cannot seek relief on
direct appeal, but must collaterally attack the Rule 11
proceedings under 28 U.S.C. 2255." Martinez-Martinez, 69 
F.3d at 1219 (citing Parra-Ibanez, 936 F.2d at 593; Fed. R. 
Crim. P. 32(e)). 

-10- 10

that a defendant who seeks to set aside his guilty plea "[a]t

any later time" may raise the claim "only on direct appeal or

by motion under 28 U.S.C. 2255" -- plainly allows a

defendant who seeks to set aside his plea after sentence has

been imposed to do so on direct appeal. Where a defendant

challenges the validity of a plea for the first time on

appeal, however, "he or she faces a high hurdle," and can

succeed only by demonstrating that there was "a substantial

defect in the Rule 11 proceeding itself." United States v. 

Miranda-Santiago, 96 F.3d 517, 522 & nn.8, 9 (1st Cir. 

1996).4 

Because a defendant who enters a guilty plea

"simultaneously waives several constitutional rights,"

McCarthy, 394 U.S. at 466, due process requires that the 

defendant's entry of a guilty plea be a voluntary, knowing,

and intelligent act, "done with sufficient awareness of the

relevant circumstances and likely consequences," Brady v. 

United States, 397 U.S. 742, 748 (1970) (footnote omitted). 

Rule 11 gives effect to this principle by requiring district

 

4. Although Rule 11(h) provides that "[a]ny variance from
the procedures required by this rule which does not affect
substantial rights shall be disregarded," the harmless error
rule does not necessarily mandate the standard of review in
this case. As we have previously acknowledged, the law in
this circuit regarding the burden of an appellant who seeks
to set aside a guilty plea on direct appeal, without first
having brought a motion to withdraw the plea in the district
court, is "somewhat cloudy." See Miranda-Santiago, 96 F.3d 
at 522 n.9 (citing Martinez-Martinez, 69 F.3d at 1219-20). 
We need not resolve the issue in this case.

-11- 11

courts to follow certain procedures "designed to ensure that

defendants who enter guilty pleas do so with full

understanding of the nature of the charge and the

consequences of their plea." Lopez-Pineda, 55 F.3d at 695 

(citations, internal quotation marks, and alteration

omitted). Compliance with Rule 11's procedures enables the

district court to determine for itself the voluntariness of

the plea and "facilitates that determination in any

subsequent post-conviction proceeding based upon a claim that

the plea was involuntary." Id. at 696 (citations omitted). 

We determine the validity of a plea in view of the totality

of the circumstances surrounding the Rule 11 hearing.

Miranda-Santiago, 96 F.3d at 522-23 & n.11; United States v. 

Cotal-Crespo, 47 F.3d 1, 4 (1st Cir.), cert. denied, --- U.S. 

---, 116 S. Ct. 94 (1995); Padin-Torres, 988 F.2d at 284.  

The effect of a failure to comply with Rule 11

depends upon the nature of the failure. This court has held

that a guilty plea should be set aside only for violations

that implicate the "core concerns" of Rule 11 and not for

mere technical violations of the rule's procedural

requirements. See, e.g., Cotal-Crespo, 47 F.3d at 4; United 

States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991). This 

is "especially true if the defendant was not misled or the

omission did not affect his decision." Allard, 926 F.2d at 

1244. Rule 11's core concerns are absence of coercion,

-12- 12

understanding of the charges, and knowledge of the

consequences of the guilty plea. See Cotal-Crespo, 47 F.3d 

at 4 (citing Allard, 926 F.2d at 1244-45). In determining 

whether the core concerns of Rule 11 have been satisfied, the

court "should not exalt form over substance but should look

to the reality of the situation as opposed to the ritual."

Allard, 926 F.2d at 1245.  

In claiming that, as a result of the district

judge's failure to give the second of the two Rule 11(e)(2)

warnings, he did not understand the consequences of his

guilty plea, Noriega-Millan raises a core concern of Rule 11.

Nonetheless, we cannot set aside a plea where the appellant

"has suffered no concrete prejudice other than entering a

plea he now regrets." United States v. Zorilla, 982 F.2d 28, 

31 (1st Cir. 1992). We find that, in view of the totality of

the circumstances, the district court's failure to advise

Noriega-Millan that he would not be permitted to withdraw his

plea did not amount to a substantial defect in the plea

proceedings and did not, as Noriega-Millan claims, adversely

affect his substantial rights. "The heart of the matter is

whether the defendant would have entered the guilty plea had

he known that there was a probability of receiving a

substantially greater sentence than that recommended in the

plea agreement." Kennell, 15 F.3d at 136. See Allard, 926 

F.2d at 1244; United States v. Diaz-Vargas, 35 F.3d 1221, 

-13- 13

1224 (7th Cir. 1994); United States v. Vaughn, 7 F.3d 1533, 

1535 (10th Cir. 1993). The record reveals, and Noriega-

Millan does not dispute, that the district judge personally

warned him that the court was not obligated to follow the

government's sentencing recommendations, and personally

ensured that Noriega-Millan understood that, although the

government had agreed to recommend a 97-month sentence, the

maximum sentence that the court could impose was 108 months.

Given these facts and Noriega-Millan's willingness to plead

guilty in exchange for a 97-month sentence, it seems to us

highly unlikely that, properly warned of his inability to

withdraw his guilty plea once it was accepted, Noriega-Millan

would have chosen to go to trial rather than risk the

possibility that the district court might impose a sentence

eleven months longer than the government's recommended

sentence. We conclude that the district court's failure to

warn Noriega-Millan of his inability to withdraw his plea did

not affect his decision to plead guilty.

Our conclusion is supported by Martinez-Martinez, 

in which we found the advisement requirements of Rule

11(e)(2) to be satisfied where the district judge did not

explicitly inform the defendant that she could not withdraw

her guilty plea, but where the court "personally ensured that

[the defendant] understood the non-binding nature of the

[government's] recommendation." 69 F.3d at 1223-24. Our

-14- 14

view is also supported by similar cases from other circuits,

which found the district court's failure to advise the

defendant that he would not be permitted to withdraw his plea

to be harmless error. See United States v. McCarthy, 97 F.3d 

1562, 1574-76 (8th Cir. 1996), cert. denied, --- U.S. ---, 

117 S. Ct. 1011 (1997); Diaz-Vargas, 35 F.3d at 1224-25; 

United States v. Thibodeaux, 811 F.2d 847, 848 (5th Cir. 

1987); United States v. de le Puente, 755 F.2d 313, 314-15 

(3d Cir. 1985). 

Noriega-Millan disagrees with Martinez-Martinez. 

He argues that the proposition that the court is not bound by

the government's recommendations is logically distinct from

the proposition that the defendant is nonetheless bound if

the court declines to accept those recommendations, and that

notice of the former proposition does not inform the

defendant of the latter proposition; nor does it relieve the

court of its responsibility to inform the defendant of the

latter proposition. See, e.g., United States v. Zickert, 955 

F.2d 665, 669 (11th Cir. 1992); Theron, 849 F.2d at 481; 

United States v. Iaquinta, 719 F.2d 83, 85 (4th Cir. 1983). 

Noriega-Millan contends, in other words, that the two

warnings relate to different issues and that Rule 11(e)(2)

requires the district court to give both warnings. 

This argument is not without logic or force.

Indeed, a number of courts have held that the district

-15- 15

court's failure to warn the defendant of his inability to

withdraw his guilty plea once it has been accepted

constitutes reversible error, and that the district court's

warning that it was not bound by the government's

recommendation is insufficient to render the error harmless.

See United States v. DeBusk, 976 F.2d 300, 307 (6th Cir. 

1992); Zickert, 955 F.2d at 668-69; United States v. Ferrara, 

954 F.2d 103, 107-108 (2d Cir. 1992); Graibe, 946 F.2d at 

1434-35; Theron, 849 F.2d at 481; Iaquinta, 719 F.2d at 85. 

We ourselves read Martinez-Martinez as laying down 

no inflexible rule but as considering the district court's

warning as to the non-binding nature of the government's

recommendations to be an element in the circumstances that

bears on the determination of whether the court's failure to

warn the defendant of her inability to withdraw the plea is

harmless error. For the reasons we have stated, we find the

district court's error to be harmless in this case and

therefore we reject Noriega-Millan's argument that his plea

should be set aside for the district court's failure to warn

him that he would not be permitted to withdraw his plea once

it had been accepted. Martinez-Martinez, 69 F.3d at 1223-24. 

III. III.

For the foregoing reasons, the judgment of

conviction and sentence are affirmed. affirmed 

-16- 16

-17- 17