United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41755
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO ORTIZ-ROSAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-629-1
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Rodolfo Ortiz-Rosas pleaded guilty to one charge of attempted illegal reentry into the United States, and the district court sentenced him to 90 months in prison and a three-year term of supervised release. Ortiz-Rosas now appeals his conviction and sentence.

Ortiz-Rosas argues that the district court relied on improper factors in determining his sentence. Because Ortiz-Rosas did not object to these alleged improprieties in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, our review is for plain error only.  The sentence chosen by the district court was proper under the Guidelines, and the district court could "lawfully and reasonably reinstate it on remand."  See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997).  Accordingly, Ortiz-Rosas has not established plain error in connection with his sentence.

Ortiz-Rosas also argues that the district court plainly erred by neglecting to inform him that it was not bound by the Government's sentencing recommendation and that he had no right to withdraw his plea if it did not follow this recommendation.  Ortiz-Rosas has not shown a "reasonable probability" that he would not have pleaded guilty absent the omission.  United States v. Dominguez Benitez, __ S. Ct. __, No. 03-167, 2004 WL 1300161 at *5 (June 14, 2004); see also United States v. Thibodeaux, 811 F.2d 847, 848 (5th Cir. 1987).  There is thus no plain error in connection with this omission.

Ortiz-Rosas contends that the Government breached the plea agreement by making no argument concerning the appropriate term of imprisonment at sentencing.  This argument is, as he concedes, foreclosed by United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001).  See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).  Ortiz-Rosas's argument concerning the constitutionality of § 1326(b) is likewise foreclosed.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), abrogated on other grounds, United States v. Reyna, 358 F.3d 344,

350 (5th Cir.) (en banc), cert. denied, __ S. Ct.__, No. 03-8903, 2004 WL 316508 (May 24, 2004).

Ortiz-Rosas has shown no reversible error in connection with his conviction and sentence.  Accordingly, the judgment of the district court is AFFIRMED.