**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4870**

———————

UNITED STATES OF AMERICA,

                                              Plaintiff - Appellee,

    versus

JAMES ALLEN WILLIAMSON,
(a/k/a/Blazer),

                                              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:03-cr-00381-TLW)

———————

Submitted: February 22, 2007       Decided: February 28, 2007

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Allen Williamson pled guilty to drug charges pursuant to a plea agreement. The district court sentenced Williamson to 270 months' imprisonment, and Williamson appealed. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but requesting this Court review the Fed. R. Crim. P. 11 colloquy and the sentence. Williamson did not file a pro se supplemental brief, despite being notified of his right to do so. The Government declined to file a responsive brief. We affirm.

Counsel contends the district court erred in accepting Williamson's guilty plea when it failed to advise Williamson of any applicable forfeiture. See Fed. R. Crim. P. 11(b)(1)(J). Williamson did not move in the district court to withdraw his guilty plea; therefore, we review his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). We find the alleged error did not affect Williamson's substantial rights and therefore find no plain error in the court's acceptance of Williamson's guilty plea.

Counsel also contends the district court erred when it failed to require the Government to move for a downward departure pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1

(2005).  Williamson did not raise this issue in the district court, so it is reviewed for plain error.  The district court was not obligated to require the Government to move for a downward departure at the sentencing hearing.  The Government remained the appropriate party to assess whether Williamson cooperated adequately to that point, and it was entitled to have that assessment reviewed only for bad faith or unconstitutional motive, neither of which Williamson alleged.  See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000).  Thus, we find no error.

Finally, counsel contends the district court imposed an unreasonable sentence.  After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  In determining a sentence post-Booker, sentencing courts are required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable."  Id. at 433 (internal quotation marks and citation omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Williamson's sentence was both within the guidelines range of 262 to 327 months' imprisonment and below the statutory maximum of life imprisonment. See 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). The district court appropriately treated the guidelines as advisory, and properly calculated and considered the guidelines range and the relevant § 3553(a) factors. We conclude the sentence was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Williamson's conviction and sentence. This court requires that counsel inform Williamson, in writing, of the right to petition the Supreme Court of the United States for further review. If Williamson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williamson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED