[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 14, 2008
THOMAS K. KAHN
CLERK

No. 07-15687
Non-Argument Calendar

_____

D. C. Docket No. 04-00243-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME SEIDEL VIVEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 14, 2008)**

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Jaime Seidel Viveros appeals his convictions for: (1)

aiding and abetting the possession with intent to distribute five kilograms or more

of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and (2) conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of § 1903(a), (g), (j) (Count Two).[1] After review, we affirm.

## I. BACKGROUND

Viveros was a crew member on a vessel apprehended by the United States Coast Guard after the vessel had supplied fuel and food to a "go fast" boat containing at least 600 kilograms of cocaine. Viveros's indictment charged him with the two drug counts and contained a separate forfeiture provision that was entitled, in bold print, "Forfeiture Allegation" and was over a full page of the indictment. That forfeiture provision stated, inter alia, that Viveros's property "constituting or derived from any proceeds" of the crimes charged or "used or intended to be used in any manner or part to commit and to facilitate the commission of such violations" was subject to forfeiture under 46 U.S.C. App.

---

[1]Viveros was indicted and convicted under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. App. §§ 1901-1904. After Viveros's judgment was entered, Congress recodified the MDLEA, which now can be found at 46 U.S.C. §§ 70501-70507. See Act of Oct. 6, 2006, Pub. L. No. 109-304, § 10(2), 120 Stat. 1485, 1685-89. Therefore, we cite to the pre-amendment version of the MDLEA.

§ 1904(a), 21 U.S.C. § 881(a) and 28 U.S.C. § 2461(c).

Before his plea hearing, Viveros, represented by counsel, signed and filed a written plea agreement in which he agreed to plead guilty to Count One of the indictment. Among other things, the written plea agreement contained a provision stating that Viveros agreed to "forfeit to the United States immediately and voluntarily any and all assets and property or portions thereof subject to forfeiture." Viveros also agreed that "the conduct giving rise to the indictment in this case provides a sufficient factual and statutory basis for the forfeiture of real and/or personal property sought by the government."

At the plea hearing, however, Viveros withdrew his plea agreement and pled guilty to both counts of the indictment. During the plea colloquy, the magistrate judge asked Viveros questions about his decision to withdraw his plea agreement. Among other things, the magistrate judge asked Viveros whether he understood the contents of the plea agreement he had decided to withdraw, and Viveros responded, "Yes."

In advising Viveros of the consequences of his guilty plea, the district court informed Viveros of the penalties for the two counts, including the mandatory minimum and statutory maximum terms of imprisonment; the possibility of a fine and a special assessment; the terms of supervised release and the fact that Viveros

3

was subject to deportation following his prison term. However, the district court did not advise Viveros of the forfeiture provision in the indictment.

The magistrate judge found that Viveros's plea was knowing and voluntary and supported by an independent factual basis and recommended that the district court accept Viveros's guilty plea. Viveros did not object to the magistrate judge's recommendation, and the district court accepted Viveros's guilty plea.

The presentence investigation report ("PSI") stated, inter alia, that the indictment contained a forfeiture provision. Viveros did not object to the PSI. At the sentencing hearing, the district court asked Viveros if he had had an opportunity to read and discuss the PSI with his attorney, and Viveros responded, "Yes" and stated that he had no objections to the PSI. Viveros was sentenced to 135 months' imprisonment on each count. The district court ordered "that [Viveros] forfeit to the United States immediately and voluntarily any and all assets and property or portions thereof subject to forfeiture." Viveros appealed.

## II. DISCUSSION

On appeal, Viveros argues that his guilty plea is invalid because the district court violated Federal Rule of Criminal Procedure 11 when it failed to advise him

that his property might be subject to forfeiture.[2]

A court accepting a guilty plea must comply with Federal Rule of Criminal Procedure 11 and, in particular, address the three "core concerns" by ensuring that (1) the guilty plea is free from coercion, (2) the defendant understands the nature of the charges and (3) the defendant understands the consequences of his plea. Fed. R. Crim. P. 11(b); United States v. James, 210 F.3d 1342, 1344 (11th Cir. 2000). "To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including . . . the possibility of forfeiture." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); see also Fed. R. Crim P. 11(b)(1)(J).[3]

---

[2]Where, as here, the defendant fails to object to a Rule 11 violation in the district court, we review for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). Under plain error review, there must be (1) error (2) that is plain and (3) affects substantial rights. Id. If these three conditions are met, we may exercise our discretion and correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted). In determining whether a Rule 11 error in the plea colloquy affects a defendant's substantial rights, we may refer to the entire record. United States v. Vonn, 535 U.S. 55, 74, 122 S. Ct. 1043, 1054-55 (2002). Furthermore, to obtain reversal of a conviction on Rule 11 grounds, the defendant must show "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

[3]Rule 11(b)(1) provides:
Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
. . .

It is undisputed that the district court did not inform Viveros that his property might be subject to forfeiture. However, we conclude that the error did not affect Viveros's substantial rights. A review of the record as a whole indicates that Viveros was aware that he would have to forfeit any property subject to the drug forfeiture statutes. First, Viveros's indictment contained a forfeiture provision.[4] Second, Viveros's withdrawn plea agreement consented to forfeiture, and Viveros stated at the plea hearing that he understood the contents of the withdrawn plea agreement.

Additionally, there is no evidence in the record that, but for a discussion of forfeiture at the plea colloquy, Viveros would have pled not guilty. Viveros expressed no confusion or hesitation about the penalties for the crimes charged or the consequences of his guilty plea. At the plea colloquy Viveros acknowledged all of his trial rights, but stated, "I'm not going to do all that. I accept my guilt." At sentencing, Viveros stated that he understood the contents of the PSI, which discussed the forfeiture provision, and had no objections to them. Thus, nowhere

---

(J)　　any applicable forfeiture;
Fed. R. Crim. P. 11(b)(1)(J). We point this out so that, in future cases, the magistrate judge should be careful to discuss not only the substantive counts, but also any forfeiture allegations.

[4]We note that the arraignment minutes indicate that the court advised Viveros of the charges. However, because there is no transcript of the proceedings in the record, we do not know whether Viveros was advised at that time of the forfeiture provision in the indictment.

in the record does it appear Viveros would have pled differently had he been advised of the forfeiture provision at the time of his plea.

Finally, although the district court included an order of forfeiture as part of Viveros's sentence, the government has not instituted any proceedings to seize any specific property of Viveros's. Indeed, the government contends that the district court's "generic" forfeiture order included in the judgment is invalid because it neither specified any particular property to be forfeited nor made a finding of a nexus between any property and the criminal conduct as required by Federal Rule of Criminal Procedure 32.2.

For these reasons, the district court's failure to comply with the technical requirements of Rule 11(b) by advising Viveros of the applicable forfeiture provision was not plain error that affected Viveros's substantial rights.

**AFFIRMED.**