**UNITED STATES of America,**
**Appellee,**

v.

**Ray KELLY, Appellant.**

**No. 08–2242.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Oct. 1, 2009.

Opinion Filed Oct. 21, 2009.

Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

David B. Chontos, Esq., Chontos & Chontos, Turtle Creek, PA, Ray Kelly, Lompoc FCI, Lompoc, CA, for Appellant.

Before: AMBRO, GARTH, and ROTH, Circuit Judges.

## OPINION

GARTH, Circuit Judge:

David B. Chontos, Esq., counsel for defendant Ray Kelly in this case, submitted a motion to withdraw as counsel and accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Local Appellate Rule 109.2(a) because there are no non-frivolous issues on appeal. Upon careful review of the brief and the record, we will grant the motion and affirm the District Court's judgment and sentence.

784

## I.

In 2005, Kelly began serving a 70–month federal prison sentence imposed following a conviction on narcotics charges. While incarcerated, Kelly continued to arrange the distribution of large quantities of cocaine. This was accomplished largely through a series of telephone calls from prison to his wife and two partners in the narcotics business. Law enforcement officers monitored those calls, and connected them with the June 15, 2006 seizure of $250,000 in cash from a mail facility in North Huntingdon, Pennsylvania. Police later determined that the money had been sent from one of Kelly's co-conspirators to the other as payment for approximately fifteen kilograms of cocaine. In subsequent telephone calls, Kelly discussed the seizure of the money and the continuing viability of the enterprise. App. 38–42.

Kelly was indicted in June 2007, and pled guilty to conspiring to distribute, and to possess with intent to distribute, at least five kilograms of cocaine. *See* 21 U.S.C. § 841(a)(1), 846. The District Court sentenced Kelly to 240 months of imprisonment, the minimum term of imprisonment allowed by statute in light of Kelly's prior felony drug conviction.[1] *See* 21 U.S.C. § 841(b)(1)(A). Kelly appealed, and his counsel filed a motion to withdraw and accompanying *Anders* brief. Kelly filed an informal *pro se* reply brief.[2]

## II.

Our task in ruling on a motion to withdraw pursuant to *Anders* is twofold.[3] We ask (1) whether counsel adequately fulfilled the requirements of 3d Cir. L.A.R. 109.2; and (2) whether an independent review of the record reveals any non-frivolous issues meriting consideration. *United States v. Coleman,* 575 F.3d 316, 319 (3d Cir.2009). To satisfy Local Rule 109.2, counsel must (1) "satisfy the court that [he] has thoroughly examined the record in search of appealable issues" and (2) "explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders.*" *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001). If the *Anders* brief appears adequate, the court need not itself engage in a "complete scouring of the record," but may be "guided in reviewing the record by the *Anders* brief itself." *Id.* at 301 (quoting *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996)).

## III.

Counsel's thorough brief meets the requirements of *Anders, Coleman,* and Local

---

1. Kelly's sentence also included ten years of supervised release and a $100 special assessment.

2. Just before the disposition date of this appeal, Kelly filed a motion to submit a *pro se* reply brief out of time. We granted the motion and accepted the *pro se* brief for filing. After consideration of the arguments made in Kelly's brief, we find them to be without merit.

    Kelly's double jeopardy claim is barred by his guilty plea. *United States v. Broce,* 488 U.S. 563, 571, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). To the extent that he argues his plea was the result of ineffective assistance of counsel, the claim must be presented in a motion under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Morena,* 547 F.3d 191, 198 (3d Cir.2008).

    Kelly's arguments regarding his sentence are baseless. A twenty-year mandatory minimum sentence applied to Kelly because the amount of cocaine involved in the offense exceeded five kilograms, and Kelly had a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A).

3. We have jurisdiction over the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court had jurisdiction under 18 U.S.C. § 3231.

Rule 109.2. The brief correctly observes that because Kelly pled guilty, he is limited to arguing three issues on appeal: (1) the jurisdiction of the court below; (2) the constitutional and statutory validity of the plea; and (3) the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Kelly pled guilty to a violation of the federal narcotics conspiracy statute, 21 U.S.C. § 846. The District Court plainly had jurisdiction over that offense under 18 U.S.C. § 3231. Thus there are no non-frivolous jurisdictional issues to be argued.

Counsel's brief notes several deficiencies in the colloquy conducted by the District Court before Kelly changed his plea to guilty. The requirements of the colloquy are set forth in Fed.R.Crim.P. 11(b), and are intended to ensure that the defendant's decision to plead guilty is made voluntarily, knowingly, and intelligently. *See United States v. Tidwell*, 521 F.3d 236, 251–52 (3d Cir.2008). Although the District Court's colloquy covered many of the items provided in the Rule, it failed to address several required topics. In particular, the District Court failed to explicitly inform Kelly that he had a right to maintain his plea of not guilty; to inform Kelly that he had a right to be protected against compelled self-incrimination and to present evidence on his own behalf; and to discuss the impact of Kelly's guilty plea on the forfeiture allegations contained in the indictment.

Because Kelly did not object to the adequacy of the colloquy in the District Court, we review only for plain error. *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Corso*, 549 F.3d 921, 926–27 (3d Cir. 2008). "Plain error requires that there must be (1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir.2008) (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (alterations and internal citations omitted). The defendant bears the burden of persuading us that any error affected his substantial rights. *United States v. Adams*, 252 F.3d 276, 281 (3d Cir.2001). In the context of allegedly plain error under Rule 11, Kelly is required to "show a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

■ The District Court did not explicitly inform Kelly that he had a right to persist in his guilty plea, as required by Fed.R.Crim.P. 11(b)(1)(B). But Kelly's right to plead not guilty was implicit in at least one other question posed by the District Court. The Court asked Kelly: "Do you understand that if you continue to plead not guilty and you don't change your plea, you have a right to be assisted by an attorney at the trial of these charges?" Kelly answered, "Yes." App. 26. Although the District Court would have been well advised to make Kelly's right to plead not guilty the focus of a separate inquiry, we find it extremely unlikely that doing so would have caused Kelly to rethink his decision to plead guilty. Kelly has not pointed to anything in the record suggesting either that he did not know he had the right to maintain his plea of not guilty, or that he would have exercised that right had the District Court specifically mentioned it during the plea colloquy.

■ The District Court also failed to inform Kelly of his right against self-incrimination, and of his right to present

evidence at trial. *See* Fed.R.Crim.P. 11(b)(1)(E). While these lapses are clearly inconsistent with Rule 11, Kelly is again unable to show that his substantial rights were affected by them—i.e., that there is a reasonable probability that he would not have entered a guilty plea had the District Court fully complied with Rule 11. *See United States v. Griffin,* 521 F.3d 727, 730 (7th Cir.2008) (holding failure of District Court to inform defendant of right to present evidence was not plain error); *cf. United States v. Stead,* 746 F.2d 355, 357 (6th Cir.1984) (holding trial court's failure to inform defendant of right against self-incrimination constituted harmless error under Fed.R.Crim.P. 11(h)).

■ Finally, the District Court did not discuss the forfeiture allegations against Kelly contained in the indictment, as required by Rule 11(b)(1)(J). Once again, although the colloquy fell short of the Rule's requirements, there is no reason to suppose Kelly would not have pled guilty but for this omission. Other Courts of Appeals have similarly found that a District Court's failure to discuss forfeiture allegations during a plea colloquy does not rise to the level of plain error. *See United States v. Viveros,* 298 Fed.Appx. 817, 819–20 (11th Cir.2008); *United States v. Williamson,* 219 Fed.Appx. 332, 333 (4th Cir. 2007).

"The better practice unquestionably is to comply literally and completely with every requirement of Rule 11." *United States v. de le Puente,* 755 F.2d 313, 315 (3d Cir.1985). The District Court did not do that here. Nevertheless, counsel correctly concludes that Kelly is unable to demonstrate that his substantial rights have been affected by the plea colloquy's various shortcomings, or even by their possible cumulative effect. Nothing in the record suggests that Kelly might not have entered a guilty plea had the colloquy's errors been corrected. There is thus no plain error, and there are no arguably meritorious grounds upon which Kelly might challenge the validity of his guilty plea.

Finally, no non-frivolous arguments are available to Kelly in challenging his sentence. The District Court sentenced Kelly to 240 months' imprisonment, the minimum term permitted by statute given the amount of narcotics involved in the charge to which Kelly pled guilty, and Kelly's prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A); *United States v. Williams,* 510 F.3d 416, 418 n. 1 (3d Cir. 2007). The District Court had no discretion to impose a lesser sentence. The record reveals no arguably meritorious challenges to Kelly's sentence.

IV.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment and sentence of April 17, 2008. We further hold that "the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court." 3d Cir. L.A.R. 109.2(b).