CLD-033                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2970
_____

UNITED STATES OF AMERICA

v.

RAY KELLY,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 07-cr-00163-003)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: November 19, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Ray Kelly has appealed from an order of the United States District Court for the

Western District of Pennsylvania, which denied his Motion for Clarification and

subsequent Motion for Reconsideration.  For the following reasons, we will summarily

affirm the District Court's judgment.

On November 29, 2007, Kelly pleaded guilty to conspiring to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 ("Case #2"). Kelly was sentenced to 240 months' imprisonment, to be served concurrently with another sentence that had been previously imposed by the United States District Court for the Southern District of Indiana ("Case #1"). This Court affirmed the conviction and sentence on appeal. United States v. Kelly, 349 F. App'x 782 (3d Cir. 2009).

Kelly believes that the approximately eleven months from May 24, 2007 (the date he was served with a detainer for Case #2) to April 18, 2008 (the date he was sentenced in Case #2), should be credited against his sentence in Case #2. To that end, he first filed a motion to reduce or adjust his sentence, asking the sentencing court to lower his sentence by eleven months. That motion was denied on December 30, 2009. In May 2011, Kelly filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Central District of California (his district of confinement). In that petition, Kelly sought credit of eleven months against his sentence in Case #2.[1] The Court noted, citing United States v. Wilson, 503 U.S. 329, 334 (1992), that calculation of the commencement of a sentence is within the sole authority of the

---

[1] The Court noted that it had jurisdiction under § 2241 to consider the petition, because Kelly's petition challenged the execution of his sentence. The Court also noted that the petition, which sought *credit* against his sentence, presented a different question than

2

federal Bureau of Prisons. The Court also noted that Kelly had received credit for the eleven months against his sentence in Case #1, and that double-credit is not allowed. The Court denied Kelly's petition in March 2012.

Soon thereafter, Kelly filed the Motion for Clarification at issue here. Kelly argued that the sentencing court "intended that [he] be given jail credit for any time spent in detention as part of this case, which would include the time Defendant spent detained from May 24, 2007 until April 17, 2008 . . . ." He thus asked the Court to issue an order "clarifying its oral pronouncement" at sentencing that he would "get credit for any time he has spent detained as part of this case." The District Court entered an order stating that it was within the Bureau of Prison's sole authority to determine what credit, if any, could be awarded for his prior detention. The Court also stated that it lacked jurisdiction to consider his request until he had exhausted administrative remedies.

Kelly filed a timely motion for reconsideration, purporting to prove that he had exhausted administrative remedies. The District Court noted that notwithstanding any evidence of exhaustion of remedies, the proper manner of challenging the execution of a sentence is a § 2241 petition filed in the district of confinement. The Court noted that Kelly had filed such a petition in the Central District of California, and that it had been unsuccessful. The Court declined to "reevaluate an issue that was considered and rejected" by the other federal court, and denied the motion for reconsideration. Kelly

Kelly's earlier motion in the Western District, as that motion had sought a *reduction* in sentence.

3

timely appealed.

The District Court properly denied Kelly's motions for clarification and for reconsideration. As the Court noted, the vehicle for challenging the execution of a federal prisoner's sentence is a petition filed pursuant to 28 U.S.C. § 2241. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Kelly filed such a petition, and it was denied. The District Court lacked jurisdiction to review the decision of another federal district court. The District Court also properly noted that it would have lacked jurisdiction to consider Kelly's arguments had he filed a § 2241 petition in that Court. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (§ 2241petition must be brought in district of confinement); see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (second or successive § 2241 petition raising same claim regarding execution of sentence barred by 28 U.S.C. § 2244(a)).[2]

As this appeal presents no substantial question for our review, we will summarily affirm the District Court's judgment. L.A.R. 27.4.

---

[2] We also note that the District Court stated that Kelly misconstrued its statements at sentencing, and that (as explained by the United States District Court for the Central District of California) Kelly received credit for the contested eleven-month period against the sentence in Case #1; i.e., the sentences for Cases #1 and #2 began running concurrently when Kelly was sentenced in Case #2.