**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROMALE JOHNSON,

Defendant-Appellant.

No. 01-1026
(D.C. No. 00-CR-55-D)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Romale Johnson appeals the district court's decision denying him a sentence reduction for acceptance of responsibility under USSG § 3E1.1. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On February 16, 2000, Mr. Johnson was charged with the crime of possession of a weapon by a convicted felon, and on September 13, 2000, he entered a counseled plea of guilty to the charges, admitting the elements of the crime. About a month later, he sent a letter to the judge, claiming he had been coerced into pleading guilty by his attorney and the prosecutor but that he was "totally innocent" of the charges. R. Vol. 1, doc. 21. He requested appointment of substitute counsel. In the letter, Mr. Johnson alleged that his attorney (1) had not examined his case, (2) had not conducted an investigation, (3) had failed to obtain discovery, and (4) had taken advantage of his ignorance of the law to persuade him to plead guilty. Mr. Johnson also stated that fingerprint evidence, or a lack of it, would demonstrate his innocence, and he gave the names of five others who could have had possession of the firearm he was accused of having in his possession. Based on those claims, Mr. Johnson moved to withdraw his guilty plea. The district court denied the motion.

At the sentencing hearing, the district court received statements from defense counsel and the prosecutor, as well as from Mr. Johnson. The defense attorney stated that Mr. Johnson retracted his motion, reaffirmed his guilt and

requested a sentence reduction for acceptance of responsibility. Mr. Johnson stated that he had been prompted to send the letter by another jail inmate and that he had been overcome by fear after entering his guilty plea. R. Vol. 3, at 18, 21. Mr. Johnson had refused to be interviewed by the probation department on the ground that he was innocent. The district court found that Mr. Johnson had "acted in a way . . . totally inconsistent with accepting responsibility," and denied a sentence reduction for acceptance of responsibility. Id. at 22. Mr. Johnson complains that the district court improperly emphasized his motion to withdraw his guilty plea over his renunciation of the motion and his earlier statements and behavior accepting responsibility.

A defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level reduction. USSG § 3E1.1(a). Such a reduction is not a matter of right. Id., cmt. n.3. The burden is on the defendant to establish, by a preponderance of the evidence, that he is entitled to the reduction. United States v. March, 999 F.2d 456, 463 (10th Cir. 1993). A district court's broad discretion to grant a reduction for acceptance of responsibility is reviewed for clear error. United States v. Gallegos, 129 F.3d 1140, 1146 (10th Cir. 1997). "We recognize that [t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." United States v.

Hawley, 93 F.3d 682, 689 (10th Cir. 1996) (quotation and citations omitted) (alteration in original).

On appeal, Mr. Johnson concedes that his post-plea letter indicates that he did not accept responsibility, but he argues that the district court erred by failing to weigh the letter against the "significant evidence of acceptance of responsibility," USSG § 3E1.1, cmt. n.3, presented through his guilty plea, his admission of the elements of the crime, and his repudiation of his uncounseled denial of guilt. He points out that the government was spared the burden and expense of preparing for trial. See id., cmt. n.2.

The evidence that a defendant accepted responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance . . . ." Id., cmt. n.3. Mr. Johnson's post-plea letter proclaiming his innocence and alleging his guilty plea had been coerced was certainly inconsistent with his acceptance of responsibility for his offense. In addition, his refusal to talk to the probation department was based, not on his attorney's advice to refrain from discussing the underlying facts of the case, see R. Vol. 3, at 20, but on his proclamation that he was innocent of the charges, see id. Vol. 4, at 4. See March, 999 F.3d at 463 (rejecting defendant's excuse for refusing to discuss offenses with probation department). The probation department, therefore, appropriately declined to recommend a sentence reduction based on acceptance of responsibility.

At the sentencing hearing, Mr. Johnson stated that after he sent the post-plea letter, he changed his mind about denying his guilt, but admitted that he had not informed the judge of his decision. He could not give a reason for changing his mind to reaffirm his guilt, except to say that he deserved a sentence reduction because he was truly guilty. R. Vol. 1, at 19, 21. Under the circumstances, we hold that the district court's determination that Mr. Johnson's post-plea letter contradicted his earlier admissions sufficiently to deny him the § 3E1.1 reduction was not clearly erroneous. Cf. United States v. Vaughn, 7 F.3d 1533, 1537 (10th Cir. 1993) (no reduction for acceptance of responsibility because defendant's denials outweighed his admissions).

AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge