FILED
United States Court of Appeals
Tenth Circuit

December 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHARLES TYLER HUGHES,

Defendant–Appellant.

No. 13-4047
(D.C. No2:12-CR-00265-DAK-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

Charles Hughes appeals following his conviction for bank fraud and aggravated identity theft. Exercising jurisdiction under 28 U.S.C § 1291, we affirm.

**I**

Hughes was charged in a multi-defendant indictment with three counts of bank fraud in violation of 18 U.S.C. § 1344 and three counts of aggravated identity theft in

_____

\* At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

violation of § 1028A.  The indictment alleges that Hughes and two other individuals engaged in a scheme and artifice to defraud several banks by unlawfully obtaining, without authority or permission, the stolen personal information of several victims.  The defendants used this stolen information to open checking accounts in the names of the victims, deposited stolen, forged, and fraudulent checks into the accounts, and then withdrew those funds for their personal use.

Pursuant to a written plea agreement, Hughes pled guilty to Counts 1 and 8 of the indictment.  In Count 8, the only charge relevant to this appeal, the indictment alleges that Hughes committed aggravated identity theft when he "did knowingly possess and use, without lawful authority, a means of identification of another person . . . during and in relation to committing violations of 18 U.S.C. § 1344" by using the "Name and US Passport of Z.T. to open [a] checking account at Horizon [Federal Credit Union]."  The plea agreement states that the elements of Count 8 are:  "(1) Defendant possessed or used, (2) an identification of another person, (3) during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)."

In the plea agreement, Hughes acknowledged that his attorney "explained the nature of the charges against" him and that he "underst[oo]d the charges and what the government is required to prove in order to convict."  Hughes admitted that he executed a "scheme and artifice to defraud" by "assuming the identity of victim Z.T. to open a checking account . . . then deposited stolen, forged and fraudulent checks into the . . . checking account, . . . and thereafter withdrew funds from the account for [his] personal

-2-

use and benefit."

At a change of plea hearing, Hughes represented that he had "received a copy of the indictment," had "discussed the charges against [him] and the case, in general, with [his] lawyer," and was satisfied with his lawyer's assistance. The district court requested that the prosecutor identify the elements of Count 8, and the prosecutor responded "that the defendant possessed or used an identification of another person during and in relation to a felony violation enumerated in 18 United States Code, Section 1028A(c)." The district court accepted Hughes' guilty plea at the conclusion of the hearing. He was subsequently sentenced to 36 months' imprisonment. Hughes timely appealed.

## II

Hughes argues that the district court erred in accepting his guilty plea to Count 8 because he was not properly informed of the elements of that offense. Under Fed. R. Crim. P. 11, a district court must address the defendant personally in open court and "[d]uring this address, the court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge . . . some rehearsal of the elements of the offense is necessary." United States v. Gigot, 147 F.3d 1193, 1198 (10th Cir. 1998) (quotations omitted). A guilty plea cannot "be voluntary in the sense that it constituted an intelligent admission that [the defendant] committed the offense unless the defendant received real notice of the true nature of the charge against him, the first and most universally

-3-

recognized requirement of due process." Henderson v. Morgan, 426 U.S. 637, 645 (1976) (quotation omitted).

Because Hughes did not raise before the district court the issue he now asserts on appeal, we review only for plain error. See United States v. Frost, 684 F.3d 963, 971 (10th Cir. 2012). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

The government concedes that the district court plainly erred by failing to inform Hughes that Count 8 required proof that he "knowingly . . . possesse[d] or use[d] without lawful authority, a means of identification of another person." § 1028A(a)(1) (emphases added). To satisfy the third prong of plain error review, that the "error affects substantial rights," Hughes must "show that he would not have pleaded guilty had the court complied with Rule 11." United States v. Ferrel, 603 F.3d 758, 763 (10th Cir. 2010); see also United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."); United States v. Vaughn, 7 F.3d 1533, 1535 (10th Cir. 1993) ("In addressing the harmless error rule of subsection 11(h), the district court's error warrants reversal only if it had a significant influence on appellant's decision to plead guilty."); Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights.").

Although the plea agreement and the district court's Rule 11 colloquy omitted the "knowingly" and "without lawful authority" language, the indictment correctly stated the elements of Count 8. Hughes acknowledged that he received a copy of the indictment, discussed it with his attorney, and understood the nature of the charges against him. "[A] defendant who receives the information omitted by the district court from other sources generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him." Ferrel, 603 F.3d at 763. Moreover, the factual recitation contained in the plea agreement strongly suggests that Hughes possessed Z.T.'s identification knowingly and without lawful authority. Even on appeal, Hughes does not state that he would have pled not guilty but for the error. Because the record does not suggest that the district court's error affected Hughes' substantial rights by significantly influencing his decision to plead guilty, we conclude he has not satisfied the third prong of plain error review.

## III

For the foregoing reasons, we **AFFIRM**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-5-